IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 2001501 (ESL) |
| DAYNA RAMOS VAZQUEZ | CHAPTER 13 |
| Debtor | |
| DAYNA RAMOS VAZQUEZ | |
| Plaintiff | |
| vs. | ADV. PROC. NO. 20-00113 (ESL) |
| SE CAPITAL CORP., d/b/a CREDITO FAMILIAR FINANTIAL SERVICES | FILED & ENTERED JUL/30/2021 |
| Defendant | |

OPINION AND ORDER

This case is before the court upon the *Motion to Dismiss Complaint* filed by the Defendant SE Capital Corp. d/b/a Credito Familiar Financial Services (Docket No. 17)*; the Opposition to Motion to Dismiss* filed by the Plaintiff, Dayna Ramos Vazquez (Docket No. 41); and the Defendant's *Reply to Plaintiff's Opposition to the Motion to Dismiss Complaint Filed at Docket Entry No. 41* (Docket No. 57). Also pending also before this court are the following related motions: the Defendant's *Opposition to Plaintiff's Untimely Motion for Extension of Time, Motion to Set Aside Order, Motion for the Imposition of Sanctions and for Entry of Order Dismissing Case* (Docket No. 65); the *Motion for Entry of Order Granting Defendant's Motion in Docket Entry 65 as Unopposed* (Docket No. 68); the Plaintiff's *Initial Opposition to Motion for Entry of Order and Motion to Inform Intent to Brief a Response* (Docket No. 69); the Plaintiff's *Opposition to Motion for Entry of Order and Response to Court Order* (Docket No. 72, amended at Docket No. 73, to include exhibits).

-1-

Relevant Procedural History

The Debtor filed the present adversary proceeding on September 5, 2020, alleging that the Defendant had incurred in "unlawful and deceptive practices" to collect post-petition and pre-petition unsecured debt (Docket No. 1). Essentially, the Plaintiff alleges that the Defendant violated the automatic stay by making collection efforts post- petition despite having notice of the bankruptcy petition. She claims that an "Initial Communication" sent to the Debtor pre-petition was in violation of the Fair Debt Collection Practices Act ("FDCPA"), and that additional post-petition communications also failed to comply with the FDCPA by being false and misleading. The Plaintiff alleges to have suffered economic and emotional damages.

On November 23, 2021, SE Capital Corp. ("SE Capital" and/or "SE") *d/b/a* Credito Familiar Financial Services ("Credito Familiar") filed its *Motion to Dismiss Complaint* (Docket No. 17). SE Capital alleges that it is not a third-party collector as it acquired Credito Familiar Financial Services Inc., including its brand name and assets, and the plaintiff's loan #433802 in the amount of $3,500.00. The Defendant alleges that it did not intend to violate the automatic stay and that it sent post-petition communications because it had not received notice of the bankruptcy filing; and later, under the belief that the bankruptcy case had been dismissed. The creditor alleges that considering the covid-19 pandemic, notices related to the bankruptcy petition of the debtor were received on later dates. The Defendant alleges that the Complaint should be dismissed pursuant to the Fed. R. Civ. P. 12(b)(6), made applicable to bankruptcy through Fed. R. Bankr. P. 7012, for failing to state a claim upon which relief should be granted. The Defendant states that the Plaintiff has not complied with the obligation to provide grounds of the entitlement to relief beyond a speculative level and that the Complaint is conclusory as to the causes of action therein including any willful actions in violation of the automatic stay and the Fair Debt Collection Practices Act. The Defendant argues that the "…[c]omplaint failed to provide evidence to sustain any of the above stated causes of action", that "there is no right to relief above the speculative level", and that the Plaintiff omitted "material facts" from the facts on the complaint. The Defendant further argues that "…the communications which Plaintiff alleges violated the Automatic Stay were issued in good faith by Defendant while initially remaining unaware that the bankruptcy was filed or its later reinstatement after the dismissal" and that "Plaintiff is not entitled to damages." SE alleges that it is a "creditor" and not a "debt collector" regulated under the FDCPA and, therefore,

the statute is inapplicable. Any attempts from SE Capital to communicate with Ms. Ramos regarding the Small Loan were on its own behalf as the debt owner.

On February 22, 2021, the Plaintiff filed her *Opposition to Motion to Dismiss* (Docket No. 41). The Plaintiff argues that the "Defendants['] counter argument is grounded on factual allegations outside the four-corners of Plaintiff's Complaint. In a factual contention that strains credulity to a breakpoint, Defendant[]s contend that their automatic stay violations were not willful because ten, out of eleven notices mailed by the Clerk, were not timely received. This argument… fails Rule 12(b)(6) muster because it rests on factual allegations outside the four corners of Plaintiff's Complaint." "Defendant SE does not contest the sufficiency of Plaintiff's Complaint. Rather, based on allegations outside the four corners Plaintiff's Complaint, Defendant SE alleges that they are not "debt collector" under the regular collects definition of 1692(a)(6). Defendant SE, however, does not contend that it is not a debt collector under the "principal purpose" definition of 1692(a)(6)."

The Plaintiff states that, although the Defendant SE argues that it acquired Credito Familiar in 2017, Credito Familiar appeared on its own name in a state court case against the Plaintiff. In said case, Credito Familiar alleged being the owner of the loan through a sworn statement presented to the court. Proof of Claim No. 1 was filed by Credito Familiar and not SE Capital.

Furthermore, the Plaintiff alleges that the Defendants do not dispute sending the communications, nor that they were sent in compliance with the FDCPA or the Bankruptcy Code. "The Complaint sufficiently pleads, and the case docket confirms, that commencing on April 1, 2020, Defendant received no less that eleven (11) notices from the Clerk of this Honorable Court." The Debtor argues that the complaint sufficiently pleads a plausible cause of action under Section 362 and that Defendant's violations of the automatic stay were the direct and proximate cause of Plaintiff's damages. "As a matter of law, all allegations plead in the Complaint must be presumed true and ay inferences to be drawn therefrom should be inferred in the favor of Plaintiff." "It is settled that "[t]he Court generally may not look beyond the four corners of a complaint in ruling on as Rule 12(b)(6) motion, with the exception of documents incorporated into the complaint by reference, and any relevant matters subject to judicial notice." *Citing* Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).

Furthermore, the Plaintiff affirms that the allegations in the Complaint, if taken as true, sufficiently plead that SE Capital is a debt collector who regularly collects debts or alleged to be due to another.

Lastly, The Plaintiff argues that under the "principal purpose test" SE is a debt collector as it is "an entity whose principal purpose of business is the collection of any debt" and therefore, "a debt collector regardless [of] whether the entity owns the debts it collects." *Referencing* Tepper v. Amos Fin., LLC, 898 F.3d 364, 366 (3d Cir. 2018). "[A]n entity that acquires debts, and whose principal purpose is the collection of debts does not escape FDCPA liability merely by calling itself a creditor." The Plaintiff also requested time to amend the complaint if the court found the complaint allegations insufficient.

On March 22, 2021, the Defendant filed its *Reply to Plaintiff's Opposition to the Motion to Dismiss Complaint Filed at Docket Entry No. 41* (Docket No. 57). The Defendant argues that it did not assert that it only received one Notice from the court and that it did not deny the receipt of the Notices, represented by the Plaintiff. The Defendant stated that the receipts were delayed due to atypical timing during the covid-19 pandemic. "It is clear from the Motion to Dismiss that Defendant's allegations were based on the severe delays in receiving the Court's notices which made Defendant aware of Plaintiff's bankruptcy not through the Court's Notices but through an exchange of emails with Plaintiff and of reinstatement after dismissal upon receipt of summons for the captioned complaint." "Through the months of June 2020 through September 2020, there were noticeable difficulties and inconsistencies encountered by the postal mail due to a heavy flow of correspondence, staffing shortages, the covid-19, and the upcoming general election." The Defendant realleges that a willful violation of the automatic stay was not committed. Additionally, the Defendant reargues that the initial communication to the Plaintiff was in response to a call made on March 12, 2020, by the Plaintiff to the Defendant requesting information of the debt and stating her intentions to pay the loan. "The defendant did not suspect that it was being framed to defend from a frivolous complaint including violations under the FDCPA."

On the other hand, the Defendant argues that it is not a debt collector under the FDCPA's "principal purpose test". "Determining a business's principal purpose [] involves comparing and prioritizing its objectives, not analyzing the means employed to achieve them. Accordingly, the relevant question in assessing a business' principal purpose is whether debt collection is incidental to the business's objectives or whether it is the business's dominant, or principal, objective." *Referencing* McAdory v. M.N.S. & Associates, LLC, 952 F.3d 1089 (9th Cir. 2020). SE alleges it is a "lender whose most important goal or objective is that of providing small consumer loans and service them throughout their life cycle. It is not that of collecting upon loan portfolios acquired

in the secondary market. SE Capital is not a debt purchasing'' company and would not disappear if the debts it acquired were not collected, including that of Plaintiff."

On April 16, 2021, the Plaintiff field her *Motion to Inform and Hold Matters in Abeyance for 14-Days* (Docket No. 58). The Plaintiff argued that the parties had conferred regarding a leave to file an Amended Complaint and requested the court to hold it in abeyance for fourteen (14) days until the parties can announce a settlement and/or Plaintiff precedes with the contemplated Amended Complaint. On April 19, 2021, the court granted the Defendants request (Docket No. 59).

On April 30, 2020, the Plaintiff informed the court that the parties were not able to reach an agreement and requested seven (7) days to move the court with any necessary motion and/or amended complaint (Docket No. 61). On May 3, 2021, the court granted the requested time (Docket No. 62).

On May 10, 2021, the Plaintiff filed her Motion Requesting Extension of Time (Docket No. 64) and stated that "this Honorable Court ordered the Debtors to file an Amended Complaint. See Dk. #62" and requested an extension of seven (7) days to file it. However, on the same date, the Defendant filed its *Opposition to Plaintiff's Untimely Motion for Extension of Time, Motion to Set Aside Order, Motion for the Imposition of Sanctions and for Entry of Order Dismissing Case* (Docket No. 65). The Defendant argued that the record reflected that the Plaintiff had not requested leave to amend the complaint, pursuant to Fed. R. Civ. P. 15(a)(2) and requested the court to revisit and/or clarify its order at Docket No. 62. "Although we understand that the order on itself does not grant leave to file an amended complaint, the Defendant, in the abundance of caution, is hereby requesting that the Court reconsiders the language of the order because the Plaintiff did not comply with Rule 15 of the Federal Rules of Civil Procedures." The Defendant argued that the Plaintiff was attempting to circumvent the rules "…by misleading the Court without requesting leave to amend the complaint. Furthermore, Plaintiff ignores the order of the Court and misses deadlines without any remorse. Moreover, Plaintiff waited more than six months from when it had a right to amend the complaint without leave, for the sole purpose of increasing the attorney fees in amounts much greater than what they are entitled to under FDCPA statutory damages (which the Defendant denies) with the sole purpose of demanding higher settlement amounts due primarily to such attorney fees and costs." For these alleged actions, the Defendant requested the court the imposition of sanctions.

On May 11, 2021, the court entered an order denying the request to extend the time to amend the complaint considering that it did not plead reasons for the request (Docket No. 66). On May 28, 2021, the Defendant filed its *Motion for Entry of Order Granting Defendant's Motion in Docket Entry 65 as Unopposed* (Docket No. 68). The Defendant argues that, although the court entered an order regarding the extension to the Amended Complaint, the court did not decide upon the request for sanctions and that the same is unopposed. To that extent, the Defendant requests the court to grant the imposition of sanctions, as unopposed. The Plaintiff filed her *Initial Opposition to Motion for Entry of Order and Motion to Inform Intent to Brief a Response* (Docket No. 69) and her *Opposition to Motion for Entry of Order and Response to Court Order* (Docket No. 73). The Plaintiff alleges that the court implicitly, denied as moot all else not addressed in the May 11, 2021 Order. Plaintiff states the following: (1) "The November 12, 2020, Unsworn Affidavit Filed by Flores Has Injected a Shadow of Fraud Upon the Court into This Litigation." The Plaintiff argues that the unsworn affidavit included in the *Motion to Dismiss* stating that SE acquired all assets from Credito Familiar in 2017 contradicts the information provided by Credito Familiar in multiple state courts and specifically in the state court that addressed a complaint against the Debtor. Plaintiff argues that the information included in the Proof of Claim #1 is contradictory to the allegations of SE stating it is the owner of the debt, as SE was not disclosed as "another name" for the creditor or the acquisition of the asset was not divulged; (2) "Communications Amongst Counsel Disproves the Allegations in Defendant's Motion for Sanction". The Plaintiff also argues that the extensions requested to the court were not unilateral and were known by Defendant through several email and telephonic communications amongst the parties. The Plaintiff contends that communications with the Defendant's counsel evidence that counsel sought to minimize the use of the courts resources and were intended to minimize and resolve contended issues. "Nothing in this record is even close to "evince a studied disregard of the need for an orderly judicial process or add up to a reckless breach of the lawyer's obligations as an office[r] of the court."" *Referencing* <u>Lamboy Ortiz v. Ortiz</u>, 630 F. 3d 228, 245-246 (1st Cir. 2010).

Uncontested Facts

1. The Debtor, Dayna Ramos Vazquez, filed a Chapter 13 Voluntary Petition on March 27, 2020 (Docket No. 1, Lead Case No. 20-01501).

2. SE Capital Corp. was listed as a creditor with an unsecured claim in Schedule E/F, Line 4.8 with the following address: PO Box 360797, San Juan, P.R. 00936 (See page 28, Docket No. 1, Lead Case No. 20-01501).

3. In Part 3 of Schedule E/F: as others to be notified about a debt already listed, the Debtor included, related to Line 4.8, Credito Familiar Financial Services, with the following address: Metro Office Park, Lote 3 Calle 1, Suite 502, Guaynabo, P.R. 00968. (See page 28, Docket No. 1, Lead Case No. 20-01501).

4. On April 16, 2020, Credito Familiar Financial Services filed Proof of Claim No. 1-1 in the amount of $2,773.81. The proof of claim makes no reference to SE Capital. (See Claim Register, Proof of Claim 1-1).

5. On September 17, 2020, the court confirmed the Debtor's Chapter 13 plan dated August 24, 2020 (Docket No. 65).

6. The Bankruptcy Noticing Center certified that on April 1, 2020, notice of the bankruptcy filing was sent to Creditor Familiar Financial Services at: Metro Office Park, Lote 3 Calle 1 Suite 502, Guaynabo, PR 00968; and SE Capital Corp at PO Box 360797, San Juan, PR 00936-0797 (See Docket No. 9, Lead Case 20-01501).

7. The following additional notices were sent to the above addresses:

   - Notice Re: Chapter 13 Plan dated 3/26/2020 sent on April 1, 2020 (See Docket No. 11, Lead Case 20-01501)

   - Notice Re: Order granting application to pay fee in installments sent on April 4, 2020 (see Docket No. 17, Lead Case 20-01501)

   - Notice Re: Rescheduling of 341 Meeting sent on April 19, 2020 (Docket No. 19)

   - Notice Re: Motion to Dismiss sent on April 30, 2021 (Docket No. 21, Lead Case 20-01501)

   - Notice Re: Order notifying hearing through Skype sent on May 15, 2020 (Docket No. 26, Lead Case 20-01501)

   - Notice Re: Order dismissing case sent on June 4, 2020 (Docket No. 39, Lead Case 20-01501)

- Notice Re: Order granting reconsideration of dismissal sent on July 1, 2020 (Docket No. 44, Lead Case 20-01501)

- Notice Re: Order Confirming Plan sent on September 19, 2020 (Docket No. 66, Lead Case 20-01501)

8. SE Capital sent communications to the Debtor on the following dates, as acquiesced by the Defendant:

- March 12, 2020 (See Motion to Dismiss, Docket No. 17, page 3, ¶7, Adv. Proc. 20-0113)

- April 13, 2020 (See Docket 17, page 21, Adv. Proc. 20-0113)

- June 17, 2020 (See Motion to Dismiss, Docket No. 17, page 4, ¶15, Adv. Proc. 20-0113)

- July 6, 2020 (See Motion to Dismiss, Docket No. 17, page 4, ¶18, Adv. Proc. 20-0113)

- August 6, 2020 (See Motion to Dismiss, Docket No. 17, page 4, ¶18, Adv. Proc. 20-0113)

- August 25, 2020 (See Motion to Dismiss, Docket No. 17, page 4, ¶18, Adv. Proc. 20-0113)

- September 8, 2020 ((See Motion to Dismiss, Docket No. 17, page 4, ¶18, Adv. Proc. 20-0113)

9. The Defendant SE acquiesced that it received notice of the dismissal of the case on June 17, 2021 (See Motion to Dismiss, Docket No. 17, page 4, ¶14) which was notified on June 4, 2020 (See Docket No. 39).

10. The instant adversary proceeding was filed on September 5, 2020.

<u>Issues</u>

The issues raised in the motion to dismiss before the court will be divided into two categories: those related to the alleged violation of the automatic stay and those related to the Fair Debt Collection Practice Act. Therefore, the court must determine: Did the Plaintiff sufficiently pleaded that the automatic stay was violated by the Defendant SE Capital? On the other hand, do the Fair Debt Collection Act's allegations are sufficient to state a claim for which relieve could be granted? To this extent, is SE Capital a "debt collector", obliged by the FDCPA? The court must also determine if the imposition of Sanctions against the Plaintiff's counsel is warranted.

Applicable Law and Analysis

In deciding a motion under Rule 12(b)(6), made applicable to adversary proceedings through Bankruptcy Rule 7012(b), the court must determine whether a complaint states a plausible claim. "The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to assess the legal feasibility of a complaint, not to weigh the evidence which the plaintiff offers or intends to offer." Lugo Alejandro v. Betancourt (In re Betancourt), 2021 Bankr. LEXIS 298 (Bankr. D.P.R. Feb. 8, 2021); Vélez Arcay v. Banco Santander de P.R. (In re Vélez Arcay), 499 B.R. 225, 230 (Bankr. D.P.R. 2013), citing Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2nd Cir.1984); Citibank, N.A. v. K-H Corp., 745 F. Supp. 899, 902 (S.D.N.Y. 1990).

Fed. R. Civ. P. 8(a)(2), applicable to adversary proceedings through Fed. R. Bankr. P. 7008, mandates complaints to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Although detailed factual allegations are not required, the Rule does call for sufficient factual matter". Surita-Acosta v. Reparto Saman Inc. (In re Surita Acosta), 464 B.R. 86, 90 (Bankr. D.P.R. 2012). Therefore, to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The Twombly standard was further developed in Ashcroft v. Iqbal, 556 U.S. 622 (2009), advising lower courts that "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft, 556 U.S. at 679. "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief." Id. at 679. In sum, allegations in a complaint cannot be speculative and must cross "the line between the conclusory and the factual". Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011).

In Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012), the U.S. Court of Appeals for the First Circuit (the "First Circuit") established a two-step standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6). Step one: isolate legal conclusions. Step two: take the complaint's well-pleaded (non-conclusory) allegations as true, drawing all reasonable inferences in favor of the plaintiff and determine if they plausibly narrate a claim for relief. Also see Pérez v. Rivera (In re Pérez), 2013 WL 1405747 at *3, 2013 Bankr. LEXIS 1561 at **9-10 (Bankr.D.P.R. 2013); Zavatsky v. O'Brien, 902 F. Supp. 2d 135, 140 (D. Mass. 2012).

"Simply because the court is hesitant to dismiss a claim in the early sta[g]es of litigation, however, does not mean that there are not circumstances where the court can and should act. Rule 12(b)(6) weeds out those allegations that, even with further factual development, will never grow into sustainable claims under the law." Arruda v. Sears, Roebuck & Co., 273 B.R. 332, 340 (D.R.I. 2002). As the First Circuit has stated, "in the menagerie of the Civil Rules, the tiger patrolling the courthouse gates is rather tame, but 'not entirely … toothless.'" Correa v. Arrillaga, 903 F.2d 49, 52 (1st Cir. 1990), quoting Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).

Consideration of a motion to dismiss requires the court to assume the truth of all well-plead facts and give the benefit of all reasonable inferences therefrom. A complaint that states a claim plausible on its face survives a motion to dismiss. Banco Santander P.R. v. P.R. Hosp. Supply, Inc. (In re P.R. Hosp. Supply, Inc.), 617 B.R. 181, 191 (Bankr. D.P.R. 2020).

*Claims Related to the Violation of the Automatic Stay*

In relation to the claims that allege multiple violations of the automatic stay, and pursuant to the facts that both parties have proffered as uncontested and those which can be corroborated

in this court's record, the court finds that the pleadings in the complaint and the inferences therefrom satisfy plausibility that the Defendant SE Capital violated the provisions of the automatic stay when sending several communications to the Plaintiff. The arguments outlined by the Defendant are related to a lack of willfulness to violate the automatic stay and may be considered as affirmative defenses included in the appropriate responsive pleading. However, the Defendant acquiesces that it sent communications while the chapter 13 case was pending, and the automatic stay was in effect. Additionally, the allegations as to the receipt of the court's notices may not be addressed by the court through a Sworn Statement of the Defendant at this stage of the proceedings. When evaluating a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "…[c]onsideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b)(6).

Courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993) "On a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by* Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S. Ct. 2166, 115 L. Ed. 2d 96 (1991). Pleadings, orders, and other papers filed with the court are considered matters of public record. Rodriquez v. Merez, No. CIV S-05-1825 DFL PAN (GGH) PS, 2006 U.S. Dist. LEXIS 42597, at *6 (E.D. Cal. June 21, 2006).

The court may review its own records and service made upon the Defendant by the Bankruptcy Noticing Center. The court may also consider the dates of the communications sent by the Defendant as uncontested facts submitted by both parties. The court, thus, may conclude the Bankruptcy Noticing Center sent Notice of the bankruptcy filing to the Defendant, as well as other notices; and that the Defendant sent communications to the Debtor while the automatic stay

-11-

was in effect. Any defenses and/or evidence related to motive, intent, or willfulness should be addressed within the adequate procedural mechanisms and in its corresponding time.

Therefore, Defendant's motion to dismiss Plaintiff's causes of action predicated on violations of the automatic is denied.

*Claims Related to Violations of the Fair Debt Collection Practices Act*

In its Motion to Dismiss, the Defendant argues that the FDCPA claims are not validly claimed because it is not a "debt collector" and, therefore, the FDCPA is inapplicable. The Defendant argues that it acquired Credito Familiar and all its assets, including the loan granted to the Plaintiff.

Pursuant to the FDCPA, "[t]he term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. 15 U.S.C.S. § 1692a (6). However, "[t]he term does not include— (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts." *Id*.

To support her claims against SE Capital as a "debt collector", the Plaintiff submits that: (1) the Debtor obtained a loan from Credito Familiar; (2) Credito Familiar sued the Debtor in state court to obtain judgment in its favor; (3) Credito Familiar filed Proof of Claim #1 which does not mention or references SE Capital; and (4) all collection efforts alleged in the complaint were made by SE Capital.

The main purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. See 15 U.S.C. §1692(e). The filing of a bankruptcy petition does not negate the

protections of the FDCPA. Roman-Perez v. Operating Partners Co. LLC (In re Roman-Perez), 527 B.R. 844, 860 (Bankr. D.P.R. 2015). In order to prevail on an FDCPA claim the plaintiff must prove that: it was the object of collection activity arising from consumer debt, defendants are debt collectors as defined by the FDCPA, and defendants have engaged in an act or omission prohibited by the FDCPA. See Torres Melendez v. Collazo Connelly & Surillo, LLC (In re Torres Melendez), Nos. 19-02803 (ESL), 19-0400, 2020 Bankr. LEXIS 297, at *9 (Bankr. D.P.R. Feb. 3, 2020).

The Defendant argues that it is a "lender whose most important goal or objective is that of providing small consumer loans and service them throughout their life cycle. It is not that of collecting upon loan portfolios acquired in the secondary market. SE Capital is not a debt "purchasing" company and would not disappear if the debts it acquired were not collected, including that of Plaintiff." The Defendant makes arguments which require that the court evaluates facts or evidence not included in the Complaint or the court's records, and therefore, cannot be considered by the Court through the remedy requested by the Defendant. The court is limited to the procedural parameters of the Plaintiff's pleadings pursuant to Fed. R.  Bankr. P. 7012.

The court finds that the allegations of the Plaintiff satisfy plausibility that the defendant is a debt collector. Although the Defendant has attempted to introduce evidence throughout the motions related to the dismissal that characterize SE Capital as the owner of the debt and the principal creditor of the Plaintiff, a motion to dismiss for failure to state a claim pursuant to Fed. R.Civ. P. 12(b)(6) is not the adequate litigation mechanism to prove so. The issue requires factual development beyond the four corners of the complaint.

Therefore, the motion to dismiss the FDCPA claims under Rule 12(b)(6) is denied.

*Defendant's Request for Sanctions under 28 U.S.C. 1927*

In In re MJS Las Croabas Props., 530 B.R. 25, 35-36 (Bankr. D.P.R. 2015) this court discussed the basis for the imposition of sanctions. "Sanctions stem, in part, from a need to regulate conduct during litigation. Thus, a sanction may properly have a punitive aspect." Goya

Foods, Inc. v. Wallack Mgmt. Co., 344 F.3d 16, 20 (1st Cir. 2003) (citations omitted). Bankruptcy courts generally have three sources of power from which to impose sanctions: (a) Fed. R. Bankr. P. 9011 (which parallels Fed. R. Civ. P. 11); (b) 28 U.S.C. § 1927; and (c) the inherent power of the court See Banco Bilbao Vizcaya Argentaria Puerto Rico v. Vazquez (In re Vasquez), 2011 Bankr. LEXIS 3426 at **4-7, 2011 WL 388924 at **1-2 (Bankr. D.P.R. 2011); Sunshine Three Real Estate Corp. v. Housman (In re Sunshine Three Real Estate Corp.), 2010 Bankr. LEXIS 1291 at *6, 2010 WL 1541428 at *3 (Bankr. D. Mass. 2010); Mapother & Mapother, P.S.C. v. Cooper (In re Downs), 103 F.3d 472, 477 (6th Cir. 1996) (Bankruptcy Courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct); In re 680 Fifth Ave. Assocs., 218 B.R. 305, 323 (Bankr. S.D.N.Y. 1998) ("Bankruptcy courts have the same inherent sanction authority as district courts..."); In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 105 (3rd Cir. 2008) (the bankruptcy court has authority to impose sanctions under § 1927); Stone v. Casiello (In re Casiello), 333 B.R. 571, 575 (Bankr. D. Mass. 2005) (same); In re Lincoln North Assocs. Ltd. P'ship, 163 B.R. 403 (Bankr. D. Mass. 1993) (same); Kimberli A. Cary, The Arsenal of Sanctioning Powers at the Bankruptcy Court's Disposal, 13 Bank. Dev. J. 443, 444 (Spring 1997). These sources overlap and are not mutually exclusive. See Chambers v. NASCO, Inc., 501 U.S. 32, 46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (finding that, despite Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 both being potentially applicable, court was not required to resort to using them when inherent power of court was best suited to facts); Danielle Kie Hart, And the Chill Goes on--Federal Civil Rights Plaintiffs Beware: Rule 11 vis-à-vis 28 U.S.C. § 1927 and the Court's Inherent Power, 37 Loy. L.A. L. Rev. 645 (2004) (exploring the interaction of Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and inherent power of court).

"The mildest [form of sanctions] is an order to reimburse the opposing party for expenses caused by the failure to cooperate. More stringent [sanctions] are orders striking out portions of the pleadings, prohibiting the introduction of evidence on particular points and deeming disputed issues determined adversely to the position of the disobedient party. Harshest of all are orders of dismissal and default judgment." Cine Forty-Second Street Theatre Corp. v. Allied Artists

-14-

Pictures Corp., 602 F.2d 1062, 1066 (2nd Cir. 1979). Also see In re Emanuel, 422 B.R. 453, 464 (Bankr. S.D.N.Y. 2010) (an award for reasonable attorneys' fees and expenses incurred "is the mildest form of sanctions"). A sanction's "essential purpose [is] to compensate for an injury that has already occurred and cannot be undone." Id. at 464. See In re MJS Las Croabas Props., 530 B.R. 25, 35-36 (Bankr. D.P.R. 2015).

Section 1927 of the U.S. Judicial Code states as follows:

*"Counsel's liability for excessive costs*

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

The purpose of this statute is to deter unnecessary delays in litigation. See HR. Conf. Rep. No 12234, 96th Cong., 2nd Sess. 8, reprinted in 1980 Code Cong. & Ad. News, 2716, 2782; Oliveri v. Thompson, 803 F.2d 1265, 1273 (2nd Cir. 1986). Sanctions under Section 1927 can only be imposed against attorneys, not parties. See Zuk v. Eastern Penn. Psychiatric Inst. of Med. College of Penn., 103 F.3d 294, 297-298 (3rd Cir. 1996) (sanctions against both client and counsel could not be affirmed on basis of 28 U.S.C. § 1927, because the statute permits award against counsel only); Procter & Gamble Co. v. Amway Corp., 280 F.3d 519, 529 (5th Cir. 2002) (the trial court erred in awarding sanctions against a party under 28 U.S.C. § 1927, so the case was remanded for reconsideration as to whether sanctions should be imposed on counsel only); Kansas Public Employees Retirement Sys. v. Reimer & Koger Assocs., 165 F.3d 627, 630 (8th Cir. 1999) (because the sanction order under 28 U.S.C. § 1927 improperly imposed fees and costs on the party, the Court of Appeals for the Eight Circuit modified it to impose sanctions on the attorney only).

"Behavior is deemed 'vexatious', for purposes of § 1927, when it is harassing or annoying, regardless of whether it is intended to be so." Bobe-Muniz v. Caribbean Restaurants, Inc., 76 F. Supp. 2d 171, 175 (D.P.R. 1999). "Garden-variety carelessness or even incompetence, without

more, will not suffice to ground the imposition of sanctions under section 1927. Rather, an attorney's actions must evince a studied disregard of the need for an orderly judicial process or add up to a reckless breach of the lawyer's obligations as an officer of the court. Bad faith is not an essential element, but a finding of bad faith is usually a telltale indicium of sanctionable conduct." Jensen v. Phillips Screw Co., 546 F.3d 59, 64 (1st Cir. 2008) (citations omitted). Thus, "the attorney need not intend to harass or annoy by his conduct be guilty of conscious impropriety to be sanctioned. It is enough that an attorney acts in disregard of whether his conduct constitutes harassment or vexation, thus displaying a serious and studied disregard for the orderly process of justice. ... Yet, ... section 1927's requirement that the multiplication of the proceedings be 'vexatious' necessarily demands that the conduct sanctioned be more severe than mere negligence, inadvertence, or incompetence." Cruz v. Savage, 896 F.2d 626, 632 (1st Cir. 1990).

The court finds that the Plaintiff's counsel conduct cannot be deemed as vexatious, harassing, or annoying. The court's order at Docket No. 62 could have interpreted as a leave to file an Amended Complaint. Counsel for the Plaintiff communicated to counsel for the Defendant about his intent to file an amended complaint and requested the Defendant's consent to that extent. Although the Defendant validly preserved its rights while advising the court that leave to file an amended complaint had not been requested, the Defendant's plea for sanctions is a severe demand which is inapplicable under the present circumstances. The Defendant's conclusion which states that "…Plaintiff waited more than six months from when it had a right to amend the complaint without leave, for the sole purpose of increasing the attorney fees in amounts much greater than what they are entitled to under FDCPA statutory damages (which the Defendant denies) with the sole purpose of demanding higher settlement amounts due primarily to such attorney fees and costs" finds no support in the record.

Conclusion

In view of the foregoing, the court finds that the *Motion to Dismiss Complaint* filed by the Defendant SE Capital Corp. d/b/a Credito Familiar Financial Services (Docket No. 17) is hereby denied. The court also denies the Defendant's request for imposition of sanctions (Dockets No. 65 and 68).

The court orders the Defendant to answer the complaint within fourteen (14) days.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of July 2021.

Enrique S. Lamoutte
United States Bankruptcy Judge